*662 OPINION.
Black:
We are asked to reverse the respondent’s determination of liabilities for surtax on undistributed profits under section 14 of the Revenue Act of 1936 of $38,225.87 for 1936 and $38,306.38 for 1937 on the ground that the respondent erred in not allowing petitioner a credit under section 26 (c) (1) relating to contracts prohibiting the payment of dividends. The provisions of section 26 (c) material to this proceeding are set forth in the margin.[1] Petitioner contends that the letters which passed between it and the First National Bank of Atlanta on October 10 and 17, 1935, followed by loans made by the bank to petitioner in pursuance thereof, constituted such a contract as is contemplated by section 26 (c) (1) of the Revenue Act of 1936 for reasons as follows:
(1) The letters between the bank and petitioner constitute a contract;
(2) This contract is in writing;
(3) It was executed by petitioner prior to May 1, 1936;
(4) The provisions thereof deal expressly with the payment of dividends;
(5) It would have been a violation of this contract for petitioner to pay more than $2.50 per share semiannually on its preferred stock, or to have paid any other dividend in any amount or in any form on any of its other stock.
On the other hand, the respondent contends that the above mentioned letters are not such a contract as is contemplated by the statute; that the letter of October 10 does not prohibit or restrict the payment of dividends by petitioner; and that petitioner could have paid dividends when and as it saw fit to do so “without violating a provision” of the alleged contract, for the reason that the only consequence of so doing would have been the possibility of the bank exercising its option to declare any note of petitioner held by the bank at once due and payable.
We think that undoubtedly all the conditions contained in section 26 (c) (1) as contended by petitioner are met except that described *663 in (5) of petitioner’s contentions above noted. As to that contention, we think respondent must be sustained in his position that the contract, as evidenced by the writings, did not operate as a legal restriction upon petitioner as to the amounts which it could distribute within the taxable years as dividends.
In Helvering v. Northwest Steel Rolling Mills, Inc., 311 U. S. 46, the Supreme Court ruled that section 26 (c) (1) of the Revenue Act of 1936 must be “strictly construed” and that in enacting this section of the statute “Congress indicated that any exempted prohibition against dividend payments must be expressly written in the executed contract.” See also Monroe Abstract Corporation, 41 B. T. A. 5, 10; Davison-Joseph Campan Realty Co., 41 B. T. A. 675, 677; Boeckeler Lumber Co., 43 B. T. A. 804, 808.
Article 26-2 (a) of Regulations 94 provides that the credit provided for in section 26 (c) “is not available under every contract which might operate to restrict the payment of dividends, but only with respect to those provisions of written contracts executed by the corporation prior to May 1, 1936, which satisfy the conditions prescribed in the Act.” Article 26-2 (b) provides:
(b) Prohibition on payment of dividends. — The credit provided in section 26 (c) (1) is allowable only with respect to a written contract executed by the corporation prior to May 1, 1936, which expressly deals with the payment of dividends and operates as a legal restriction upon the corporation as to the amounts which it can distribute within the taxable year as dividends. * * *
We have held that the above regulations are reasonable and correctly interpret the statute. Honokaa Sugar Co., 43 B. T. A. 151, 157; Henry Mill & Timber Co., 43 B. T. A. 1073, 1077.
In Belle-Vue Manufacturing Co., 43 B. T. A. 12, in denying a credit under section 26 (c) (1), we said:
To support the statutory credit, a contract is to be construed according to its legal effect rather than in the light of an assumed business policy.
And in Thibaut & Walker Co., 42 B. T. A. 29, in holding that section 26 (c) (1) did not apply, we said that “Congress intended to give a credit to a corporation only where the corporation had bound itself not to pay a dividend.”
In view of the authorities cited above, we do not think the letters relied upon by petitioner and the performance under those letters amounted to such a contract as is contemplated by the statute. We do not think it can be said that petitioner, prior to May 1, 1936, ever bound itself not to pay any dividends in addition to the semiannual dividend of $2.50 a share on its preferred stock. The contract as construed by the parties may have operated to have that effect, but that is not enough. The contract itself, by its very terms, must operate as a legal restriction upon petitioner as to the amounts which *664 it can distribute within the taxable year as dividends. Petitioner did not agree with the bank that it would not declare any dividends other than the semiannual dividend of $2.50 a share on its preferred stock. It merely agreed that if it did do so, then, in that event, the bank was to have the right, at its option, to declare any note of petitioner held by the bank at once due and payable. With that understanding it may well be that petitioner would adopt a business policy and did in fact adopt a business policy of not declaring dividends except $2.50 semiannually on its preferred stock, but that falls short of being in the position of having legally obligated itself not to declare dividends in excess of a specified amount. If during the taxable years petitioner had declared dividends in excess of the semiannual dividend of $2.50 a share on its preferred stock, it seems certain that the bank could not have enjoined petitioner from paying such dividends. All that it could have done in such a case would have been to exercise its option to declare any note of petitioner held by it to be at once due and payable. Cf. Honokaa Sugar Co., supra, p. 158. In the instant case, as we have already said, the facts undoubtedly show that petitioner construed its understanding with the bank as restricting it from the payment of any dividends except on its preferred stock, but this we attribute to a business policy adopted by petitioner pursuant to what it conceived to be its obligation to the bank, rather than any legal restriction imposed upon it by any written contract executed by petitioner prior to May 1, 1936. That being the case, petitioner is not entitled to a credit under section 26 (c) (1). Belle-Vue Manufacturing Co., supra. This may seem to be a narrow ground upon which to deny petitioner the credit which it claims, but nevertheless it is a statute of Congress which we have to construe and the Supreme Court has said in Helvering v. Northwest Steel Rolling Mills, Inc., supra, that the statute must be strictly construed.
Petitioner contends that Page Oil Co., 41 B. T. A. 952, and Sutcliffe Co., 41 B. T. A. 1009, are in point and resolve the present issue in its favor. These cases are readily distinguishable from the case at bar. The agreement in the Page Oil Co. case, among other things, provided:
The party of the first part [Page Oil Co.] agrees that until said loans (i. e„ the development notes) shall have been paid in full with interest, no dividend of any kind or nature will be declared by it; * * *
Likewise in the Sutcliffe Co. case the agreement there provided in part as follows: “11. During such time as the applicant [Sutcliffe Co.] * * * may be indebted to the Bank, it will not pay any dividends * *
If the taxpayers in the two preceding cases had paid dividends, they would have violated an express written contract not to do so. *665 In the instant case, as we have endeavored to point out, petitioner could have paid dividends in excess of the semiannual dividend of $2.50 a share on its preferred stock without violating a provision of a written contract.
That is the controlling difference as we view it between the facts of the instant case and those present in Page Oil Co., supra, and Sutcliffe Co., supra.
For the reasons stated, we sustain the determination of respondent.
Reviewed by the Board.

Decision will be entered for respondent.

Offer concurs only in the result.
AruNdell and Mellott dissent.

 SEC. 26. CREDITS OP CORPORATIONS.
In the case of a corporation the following credits shall be allowed to the extent provided in the various sections imposing tax—
♦ * * * * * *
(c) Contracts Restricting Payment op Dividends.—
(1) Prohibition on payment of dividends. — An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends. * * *